On application for rehearing, the Sprayberrys state:
 "In its December 21, 1984, opinion, this Honorable Court observed that `Mrs. Sprayberry allege[d] that she made the initial $5,000 down payment from money she had saved.' As a matter of fact, Mrs. Sprayberry did more than allege that she had paid this down payment; she testified that she made the down payment, unequivocally and directly. . . ."
The Sprayberrys then quote from the transcript of the evidence to show that there was evidence that she had, in fact, made the down payment. We have reviewed the record again, and we are still of the opinion that the Sprayberrys are not entitled to a new trial. We examined the *Page 1115 
court's instruction to the jury and we find that not only did the court instruct the jury to determine how much, if any, "of the payments on the property have been made by Mrs. Sprayberry because she is entitled to credit," but the court further instructed the jury, as follows:
 "I am . . . asking you to determine from the evidence in this case and the evidence you heard from the witness stand here the total amount of money that Mrs. Sprayberry paid out of her own personal funds toward the purchase of this property.
"* * * *
 "When I am talking about payments that have been made by Mrs. Sprayberry, I'm referring to payments on the mortgage and initial down payment of $5,000.00 if you believe from the evidence Mrs. Sprayberry paid that initial down payment of $5,000.00 out of her personal funds. We're talking about any down payment
that may have been made and any mortgage payment which may have subsequently been made by Mrs. Sprayberry." (Emphasis added.)
The jury found that Mrs. Sprayberry did not make any contribution toward the purchase of the property.
On original deliverance, we addressed the propriety of the directed verdict and found that even if there was a scintilla of evidence that the conveyance was supported by valuable consideration, "appellants have shown no prejudice because the jury found that Mrs. Sprayberry had not made any payments on the mortgage indebtedness to the mortgagee."
Based on the foregoing, we extend the original opinion to further explain why we determined, on original deliverance, that appellants failed to show that they were entitled to a new trial.
OPINION EXTENDED; APPLICATION FOR REHEARING DENIED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.